**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN SOLIS-DIAZ, | No. 17-17186 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00619-JAD (GWF) |
| v. | |
| SCOTT TOMPKINS Police Officer, Las Vegas Metropolitan Police Department, | ORDER* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 9, 2018
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL,** District Judge.

Juan Solis-Diaz appeals the denial of his motion for new trial following a

jury verdict for Defendant-Appellee Scott Tompkins in Solis-Diaz's 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

1

§ 1983 excessive force action against Tompkins. Solis-Diaz contends that the district court erred in not granting him a new trial because defense counsel's improper vouching during his closing argument prejudiced Solis-Diaz by impacting his right to a fair trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss Solis-Diaz's appeal for failure to comply with Fed. R. App. P. 10(b)(2).

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). An appellant's failure to provide the relevant transcripts may require dismissal of the appeal. *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169-70 (9th Cir. 1991).

On appeal, Solis-Diaz argues that the trial transcript is unnecessary because the procedural history of this case—the denial of summary judgment, the affirmance of that denial on appeal, and Solis-Diaz's acquittal on the related criminal charges—establishes this was a close evidentiary case. Therefore, he argues, the jury based its decision on credibility determinations which were impacted by defense counsel's improper vouching during closing argument, thus prejudicing Solis-Diaz by adversely impacting his right to a fair trial.

We disagree; the trial transcript is necessary. Because Solis-Diaz failed to

2

include a transcript of the trial, we cannot determine how the testimony and evidence presented at trial affected the jury's credibility determinations, and therefore we are unable to decide if defense counsel's statements actually caused Solis-Diaz prejudice. Accordingly, we dismiss Solis-Diaz's appeal for failure to comply with Fed. R. App. P. 10(b)(2). *See Wade*, 924 F.2d at 169-70.

**DISMISSED.**